IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **YUK FUN JOANNE BEDFORD,** *et al.***,** § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00104-O-BP |
| § | |
| **FOO TIANG MENG DIRK ROBERT,** § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Plaintiffs' Motion for Default Judgment ("Motion") (ECF No. 8), which United States District Judge Reed O'Connor referred to the undersigned. ECF No. 9. After reviewing the Motion and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion without prejudice.

Plaintiffs filed their Complaint on February 9, 2022. ECF No. 1. Plaintiffs had a Summons issued with no address for Defendant Foo Tiang Meng Dirk Robert ("Robert") on February 11, 2022, (ECF No. 4), and reissued again three days later listing the Texas Secretary of State's office. ECF Nos. 5 and 6.

Plaintiffs state in their Complaint and in their Motion that Robert was effectively served via the Texas Secretary of State. ECF Nos. 1 and 8 at 2. Plaintiffs contend under Section 17.044(a)(1) of the Texas Civil Practice and Remedies Code that "because the causes of action herein arise out of [Robert's] business in this state, the registered agent for service of process is the Secretary of State." ECF No. 1 at 2. Plaintiffs provided the Secretary of State with an address for Robert they found in the Texas Secretary of State filings for Windridge A2A Developments, LLC, which was previously managed by Robert, indicating his last known address. ECF No. 1 at

2. That last known address was a commercial address - 6635 Sandshell Blvd, Fort Worth, TX 76137. *Id.*

The Secretary of State received a copy of the Summons and as required by statute, forwarded it to the address Plaintiffs provided. ECF No. 7 at 2; Tex. Civ. Prac. & Rem. Code §§ 17.044(b) and 17.045(d). The Secretary of State then sent the Plaintiffs a certificate of service. *Id.* The certificate reads "the PROCESS was returned to this office on March 2, 2022, Bearing Notation, Return to Sender, Unable to Forward." ECF No. 7 at 2. Plaintiffs received the certificate from the Secretary of State's office and filed it with the Court. *Id.* Robert has made no appearance in this case. Plaintiffs now ask the Court to grant them a default judgment because Robert failed to timely file an answer after process was served on the Secretary of State. ECF No. 8 at 2.

Service of process is a threshold issue in a default judgment proceeding. *See Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 412-14 (5th Cir. 1998). "[T]he party making service bears the burden to demonstrate that the service was valid." *See Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A) permit parties in federal court to serve a defendant in accordance with state law. Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A). Under Texas law, which is applicable in this case,

> [t]he secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

Tex. Prac. & Rem. Code § 17.044(b). Once the plaintiff serves the Secretary of State, the Secretary must forward "[t]he process or notice [to the defendant] by registered mail or by certified mail, return receipt requested." Tex. Prac. & Rem. Code § 17.045(d).

In their Motion, Plaintiffs assert they properly served Robert through this procedure by serving the Texas Secretary of State. ECF No. 8 at 2. Plaintiffs received the certificate of service,

2

including the undeliverable notation, back from the Secretary of State on March 3, 2022. ECF No. 7 at 2. Because the deadline for Roberts to respond to the complaint has passed without a response, Plaintiffs believe they are entitled to a default judgment.

Applying Texas law, this Court has found that where a return of service denotes "unable to forward" or "undeliverable," service was insufficient because the defendant did not receive notice. *Garza v. Altaire Pharms., Inc.,* No. 3:20-CV-1524-B, 2020 WL 5526558, at *4 (N.D. Tex. Sept. 14, 2020) ("In the absence of Texas law stating otherwise, the Court holds that Garza's use of Altaire's outdated address – resulting in an "Unable to Forward" notation on the certificate of service – renders service defective."). Thus, the return of process here with the "return to sender/unable to forward" notation renders service on Robert ineffective.

After Plaintiffs received the "unable to forward" notice, they made no further attempts to serve Robert. Their next step was filing the pending Motion for Default Judgment. ECF No. 8. Plaintiffs fell short of their statutory burden to show that service of process on Robert was legally effective. Because service of process is a prerequisite to a valid default judgment and this Court finds service of process was defective, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion for Default Judgment without prejudice to the right of Plaintiffs to serve Robert properly.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.

*See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

  **SIGNED** on September 21, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE
